**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES M. CUYLER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-844E-19-0403-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　　MANAGEMENT,<br>　　　　　　Agency. | DATE: July 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James M. Cuyler</u>, Riverview, Florida, pro se.

<u>Shawna Wheatley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) denying the appellant's application for a Federal Employees' Retirement System (FERS) disability retirement annuity.  Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a Health Technician (Optometry) with the Department of Veterans Affairs.  Initial Appeal File (IAF), Tab 6 at 81.  In early 2018, he applied for a disability retirement annuity under FERS, asserting bilateral chronic foot pain, ankle pain, severe/major depression, migraines, memory loss, and traumatic brain injury.  *Id.* at 32.  He further asserted that he became disabled in December 2012.  *Id.*

OPM denied his application for disability retirement in January 2019. *Id.* at 28.  According to OPM, the appellant's medical documentation contained insufficient evidence to determine the appellant's specific work restrictions or that he was unable to work.  *Id.* at 29.  The appellant requested reconsideration of OPM's initial decision.  *Id.* at 17-20.  He asserted that he was not attaching additional information and argued that the medical documentation previously provided was sufficient to establish his disability.  *Id.*  OPM subsequently

requested additional documents and information from the appellant, such as documentation of medical treatment in closer proximity to his disability application, reflecting work restrictions, or referencing any accommodation requests the appellant had made to the agency. *Id.* at 23-25. The appellant responded, again asserting that he would not be sending additional evidence, and accused OPM of violating criminal laws in requesting more documentation from him. *Id.* at 21-22. He finally asserted that he reserved the right to seek criminal charges against the OPM director and suggested there was a conspiracy to deny a valid application for disability retirement. *Id.* at 22.

On March 20, 2019, OPM issued a final decision affirming its initial decision denying the appellant's application for a FERS disability retirement annuity. *Id.* at 6-14. The appellant appealed this decision to the Board. IAF, Tab 1. The agency did not timely file its response to the appellant's appeal. IAF, Tab 2 at 6, Tab 3. Two days after it was due, the agency requested an extension. IAF, Tab 3. The administrative judge extended the deadline by 30 days. IAF, Tab 4. The agency eventually submitted the file, 6 days beyond the granted 30-day extension. IAF, Tab 6. The appellant filed a motion for sanctions against the agency, based on failure to timely submit its response even after the extension. IAF, Tab 8 at 1-2. The administrative judge interpreted it as a motion to strike the agency's response from the record as untimely and denied the motion, finding that the evidence did not reflect that the appellant was prejudiced by the agency's 6-day delay. IAF, Tab 11 at 1. The appellant additionally submitted a request for the administrative judge to disqualify himself based on bias and prejudice for allowing the agency not to follow orders, untimely submit documents, and miss the originally scheduled and then the rescheduled pre-hearing phone conference, and because the administrative judge denied the appellant's motion for sanctions. IAF, Tab 12 at 1.

Following a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision, which denied the appellant's

application for FERS disability retirement. IAF, Tab 14, Initial Decision (ID) at 1. The administrative judge found that the appellant's medical evidence only demonstrated the bilateral chronic foot pain, depression, and memory loss, but that it included no evidence of ankle pain, migraines, or traumatic brain injury. ID at 6. The administrative judge determined that the appellant failed to prove that his documented conditions were disabling. ID at 7-10. The administrative judge denied the appellant's request that he recuse himself, finding that the appellant's claims of bias were based on mere disagreement with the administrative judge's rulings. ID at 1-2 n.1.

The appellant filed a petition for review and attached various documents which are in the record below. Petition for Review (PFR) File, Tab 1; IAF, Tab 1 at 8-14, 20-35. OPM has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the appellant failed to meet his burden of proving entitlement to disability retirement.</u>

An individual bears the burden of proving by preponderant evidence his entitlement to disability retirement.[2] *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) the individual must have completed at least 18 months of creditable civilian service; (2) the individual, while employed in a position subject to FERS, must have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position.  *Henderson*, 109 M.S.P.R. 529, ¶ 8; 5 C.F.R. § 844.103(a); *see* 5 U.S.C. § 8451(a) (providing the statutory language on which 5 C.F.R. § 844.103(a) is based).  The main dispute before us is whether the appellant met his burden of proving the second element.[3]

On review, the appellant essentially argues that because OPM admitted that he has medical conditions, he has satisfied his burden of proving eligibility for disability retirement.  PFR File, Tab 1 at 5.  The administrative judge found that the appellant had medical conditions.  ID at 10.  However, this satisfies only a portion of the second element.  The administrative judge further found that the appellant failed to show a deficiency in performance, conduct, or attendance, and that the medical documentation did not demonstrate that his medical conditions were incompatible with either useful and efficient service or retention in the position.  ID at 7-10.  There are two ways to meet the statutory requirement that the individual "be unable, because of disease or injury, to render useful and efficient service in the employee's position"; namely, by showing that the medical condition (1) caused a deficiency in performance, attendance, or conduct or (2) is incompatible with useful and efficient service or retention in the position.  5 U.S.C. § 8451(a)(1)(B); *Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012).  Under the first method, an individual can establish entitlement by showing that the medical condition affects his ability to perform specific work requirements, prevents him from being regular in attendance, or

_____

[3] The appellant additionally appears to raise a challenge based on the fourth and fifth elements, citing to an agency certification of reassignment and accommodations efforts, which states that "accommodation is not possible due to the severity of the medical condition."  PFR File, Tab 1 at 6; IAF, Tab 6 at 37-38.  The certification also states that reassignment to a vacant position is not possible.  IAF, Tab 6 at 38.  The administrative judge made no finding as to whether accommodation was possible, but concluded that the appellant had not declined an offer of reassignment.  ID at 7.  We decline to revisit those findings here because, as set forth below, we find that the appellant has failed to meet his burden regarding the second element.

causes him to act inappropriately. *Jackson*, 118 M.S.P.R. 6, ¶ 8. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Id.*

The administrative judge found, and we agree, that the appellant failed to prove his conditions caused deficiencies in performance, attendance, or conduct. ID at 7. Here, the supervisor's statement in connection with the appellant's application for FERS disability retirement noted that his performance, attendance, and conduct were all satisfactory and acceptable. IAF, Tab 6 at 34-35. Moreover, the agency rated the appellant's performance for the performance period covering October 2016 to September 2017 as fully successful in every element. *Id.* at 48-52.

On review, the appellant reasserts his argument from below that his major depressive disorder "is considered a safety issue for myself and others because I am (an Eye Technician)." PFR File, Tab 1 at 5; IAF, Tab 9 at 3 (emphasis removed). The administrative judge did not specifically address the purported safety issue. We conclude that the appellant failed to prove that his medical condition caused a safety concern. He provided no specific information about how safety might be impacted. The record reflects that the appellant's job has "moderate risk of discomforts which require special safety precautions." IAF, Tab 6 at 47. The appellant's performance appraisal reflects an ability to observe these safety precautions. Specifically, the agency stated on his performance evaluation that he followed safety precautions and was "able to identify and notify the appropriate personnel of any hazards that he sees." *Id.* at 51. Thus, the evidence does not support the appellant's claim of an unspecified safety issue.

The administrative judge also found that the appellant failed to prove that his condition was inconsistent with working in general, in a particular line of work, or in a particular setting. ID at 7-10. The medical evidence presented by

the appellant demonstrates that he was diagnosed with various medical conditions in 2015 and 2016.  IAF, Tab 6 at 40-42.  It also states possible symptoms, such as "periodic anxiety" and "lapses in memory," without providing any specifics as to what might trigger these symptoms or how they might affect the appellant either generally or in a specific setting.  *Id.*  The appellant's testimony at the hearing provided no further details or clarification as to how his medical conditions affected his ability to work in any capacity.  IAF, Tab 13, Hearing Compact Disc (testimony of the appellant).

On review, the appellant cites *Bruner v. Office of Personnel Management*, 996 F.2d 290 (Fed. Cir. 1993), apparently in support of his position.  PFR File, Tab 1 at 7.  In *Bruner*, the U.S. Court of Appeals for the Federal Circuit held that when an employing agency separates an individual for medical inability to perform his position, it creates a presumption that the individual is disabled for purposes of entitlement to a retirement annuity.  *Bruner*, 996 F.2d at 294.  The holding in *Bruner* is inapplicable here, because the appellant continues to work and his employing agency considers him able to do so.  As such, we agree with the administrative judge that the appellant has failed to meet his burden of proving, by preponderant evidence, that he is unable, because of disease or injury, to render useful and efficient service in his position.

In analyzing the appellant's medical evidence, the administrative judge found that the record revealed no evidence concerning the appellant's assertion of ankle pain.  ID at 6.  This was erroneous, as the appellant provided a July 27, 2016 letter from a healthcare provider stating that, in addition to the appellant's bilateral foot pain, he suffered from left ankle pain.  IAF, Tab 6 at 40.  The appellant does not raise this issue on review.  We find that this error was harmless, as it does not alter our assessment of the appellant's failure to meet his burden of proof.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## The administrative judge did not abuse his discretion.

The appellant challenges the administrative judge's procedural rulings, including his denial of the appellant's motion for sanctions. PFR File, Tab 1 at 4. We decline to disturb these rulings.

Administrative judges have broad discretion pursuant to 5 C.F.R. § 1201.41(b), including the authority to rule on discovery motions, hold prehearing conferences, convene hearings, and impose sanctions. *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 12 (2010) (discussing the discretion the Board has given to administrative judges). The imposition of sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error. *El v. Department of* Commerce, 123 M.S.P.R. 76, ¶ 16 (2015), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016). The administrative judge here denied the appellant's motion for sanctions, finding that OPM's 6-day delay in submitting the agency file did not prejudice the appellant. IAF, Tab 11 at 1.

We discern no abuse of discretion in this ruling. The appellant has not presented evidence that the delay prejudiced him. The documents contained in the agency's file are generally the same documents included in the appellant's prehearing submission. IAF, Tabs 6, 9. It is the appellant's burden to prove entitlement to disability retirement, and the administrative judge's decision relied on the appellant's own medical documentation, which the administrative judge found lacking. ID at 7-10. Accordingly, we find that the appellant has failed to present evidence of prejudice. In addition, as the administrative judge observed, the Board lacks authority to enter a "default judgment" as a sanction against OPM, as such a ruling would, in effect, grant the appellant retirement benefits when he is not legally entitled to them. ID at 1-2 n.1; *Strickler v. Office of Personnel Management*, 51 M.S.P.R. 354, 358 (1991).

<u>The appellant has failed to demonstrate bias or prejudice on the part of the administrative judge.</u>

The appellant asserts on review that the administrative judge was biased and prejudiced against him in granting OPM's request for an extension to file its response, allowing it to untimely file required documents, denying his motion for sanctions, allowing the agency to miss pre-hearing phone conferences and the hearing, and "lying" about the appellant's citation to two Federal regulations, which the administrative judge stated did not apply to the matter at issue. PFR File, Tab 1 at 4. We disagree.

In making a claim of bias or prejudice against an administrative judge, the party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (citation omitted)). Moreover, a party must show that the bias constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before him. *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 6 (2002). The fact that an administrative judge ruled against a party is insufficient evidence to show bias. *Id.*

Here, the appellant's claim that the administrative judge is biased must fail because it is based entirely on the administrative judge's rulings regarding the appellant's allegations in his proceeding. *See id.*, ¶ 7 (concluding there were insufficient grounds to find bias when an administrative judge did not reject the appellant's material factual allegations, but rather, disposed of the claims on purely legal grounds). The administrative judge's exercise of his discretion to accept the agency's late submission and failure to appear for prehearing

conferences and the hearing does not demonstrate a deep-seated favoritism or antagonism against the appellant that makes fair judgment impossible.[4]

Regarding the appellant's assertion that the administrative judge "lied" regarding the applicability of 20 C.F.R. §§ 404.940 and 416.1440, we agree with the administrative judge, who found that the Federal regulations cited are inapplicable to Board proceedings. ID at 1 n.1. The regulations cited by the appellant involve disqualification of administrative law judges before the Social Security Administration, and, thus, are inapplicable to the Board's administrative judges. The Board has similar procedures for requesting disqualification under 5 C.F.R. § 1201.42. However, as set forth above, the appellant has failed to establish bias by the administrative judge; therefore, he did not present a basis for disqualification. *See Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 11 (2013) (finding that, because the appellant did not provide sufficient evidence to overcome the presumption of honesty and integrity on the part of an administrative judge, he also did not prove the administrative judge abused his discretion in denying the appellant's motion for recusal).

The appellant has failed to demonstrate that he was deprived of his due process.

The appellant asserts on review that the administrative judge violated his due process rights when he "became an Advocate for the Agency" in the absence of the agency's representative at the hearing. PFR File, Tab 1 at 4. The appellant has a property interest in his disability retirement benefits. *Tompkins v. Office of Personnel Management*, 72 M.S.P.R. 400, 407 (1996) (so finding in the case of an employee covered by the Civil Service Retirement System). The due process right includes the right to a hearing before the Board. *See Cleveland Board of*

---

[4] As the hearing order noted, if the agency representative failed to appear, the hearing would proceed as scheduled. IAF, Tab 7 at 1. The agency's absence at the prehearing conferences and the hearing presumably was beneficial to the appellant, as it allowed him to testify without cross-examination and prevented the agency from making closing arguments. *See* IAF, Tab 11 at 4 (informing the parties that the agency could cross-examine the appellant and both parties could present closing arguments at the hearing).

*Education v. Loudermill*, 470 U.S. 532, 546-47 (1985) (recognizing that due process includes the right of a tenured employee to an administrative hearing). However, as we explained above, we find nothing improper in the administrative judge's conduct during the hearing. Thus, we are not persuaded that he effectively deprived the appellant of his administrative hearing.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.